UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLY A. PEACEMAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>MONICA MITCHELL,<br><br>  Defendant. | Case No. 2:21-cv-01715-KJM-JDP (PS)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint about a notice of rent increase, but it contains no basis for federal jurisdiction and no allegations against the named defendant. I will give plaintiff an opportunity to amend her complaint before recommending that it be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). The court must dismiss any action filed in forma pauperis that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff seeks to challenge a notice of rent increase that she received from All Star MHP because the notice did not have an Office of Management valid control number or a valid signature. ECF No. 1 at 5. She wishes to avoid paying her $35 rent increase. *Id.* at 6. There is, however, no apparent basis for federal jurisdiction over plaintiff's claim. Federal courts have limited jurisdiction, and plaintiff's dispute over the wording of her rental increase notice does not invoke federal question jurisdiction. She lists parts of the Paperwork Reduction Act and corresponding regulations in her complaint, but the Act regulates federal agencies, not private landlords. *See Dole v. United Steelworkers of Am.*, 494 U.S. 26, 32-33 (1990). Plaintiff also does not explain who defendant is or what her connection is to the alleged claim.

1   I will allow plaintiff a chance to amend her complaint before recommending that this
2   action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
3   will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th
4   Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
5   without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
6   complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
7   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
8   defendant's involvement in sufficient detail. The amended complaint should be titled "Amended
9   Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
10  complaint, I will recommend that this action be dismissed.

    Accordingly, it is ordered that:

    1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

    2. Within thirty days from the service of this order, plaintiff must either file an
Amended Complaint or advise the court she wishes to stand by her current complaint. If she
selects the latter option, I will recommend that this action be dismissed.

    3. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   May 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3