1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHIRLY A. PEACEMAKER,                    Case No.  2:21-cv-1715-DC-JDP (PS)

12                    Plaintiff,

13          v.                                ORDER TO SHOW CAUSE

14   MONICA MITCHELL, *et al.*,

15                    Defendants.

16

17          I previously granted plaintiff's application to proceed *in forma pauperis* and screened her

18   original complaint.  ECF No. 5.  I notified plaintiff that the complaint failed to establish a basis

19   for the court's jurisdiction and granted her thirty days to file an amended complaint.  *Id.*  Plaintiff

20   subsequently filed an amended complaint and paid the filing fee.  ECF No. 6.  To date, none of

21   the defendants have appeared.  Plaintiff has filed a purported proof of service reflecting that she

22   attempted to serve defendant Monica Mitchell on January 10, 2023.  ECF No. 13.  However, that

23   filing indicates that plaintiff attempted to complete service by delivering a copy of the summons

24   and complaint to an individual named Phoenix Robbins.  *Id.*

25          Pursuant to Rule 4 of the Federal Rules of Civil Procedure, an individual may be served

26   by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving

27   a copy of each at the individual's dwelling or usual place of abode with someone of suitable age

28   and discretion who resides there; or (3) delivering a copy of each to an agent authorized to accept

                                              1

1   service.  Fed. R. Civ. P. 4(e)(2)(A)-(C).  Plaintiff's proof of service does not demonstrate that

2   copies of the summons and complaint were left at defendant Mitchell's usual place of abode or

3   that Phoenix Robbins is an agent authorized to accept service for Mitchell.  Indeed, the proof of

4   service provides no information related to Phoenix Robbins.  Accordingly, it does not appear

5   plaintiff properly served Mitchell.

6       The Federal Rules provide that "[i]f a defendant is not served within 90 days after the

7   complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

8   the action without prejudice against that defendant or order that service be made within a

9   specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the

10  failure, the court must extend the time for service for an appropriate period."  *Id*.  Although a pro

11  se litigants are generally afforded more latitude than one represented by counsel, a party's pro se

12  status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*,

13  814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that

14  govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987)

15  (holding that ignorance of service requirements does not constitute "good cause" for failure to

16  timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or

17  herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these

18  Rules, and all other applicable law.").  Accordingly, plaintiff will be ordered to show cause why

19  her claims against Mitchell should not be dismissed for failure to timely effect service of process.

20      I have also reviewed plaintiff's first amended complaint and find that, like the original

21  complaint, it fails to establish a basis for the court's subject matter jurisdiction.  A district court

22  has an independent duty to ascertain its jurisdiction.  *See* 28 U.S.C. § 1447(c).  The basic federal

23  jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity"

24  jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under

25  a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of

26  Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both

27  regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186,

28  198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the

1  diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C.

2  § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A

3  case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.

4  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994).  Lack of subject

5  matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v.*

6  *Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

7      The amended complaint seeks to allege claims against defendant Mitchell and five other

8  individuals related to rent increases plaintiff received from All Star MHP.[1]  ECF No. 6 at 2-5, 66-

9  69, 74-77.  It states that the basis for jurisdiction is the Declaration of Independence and the Sixth

10  and Thirteenth Amendments to the United States Constitution.  *Id.* at 4.  Plaintiff's conclusory

11  reference to the Sixth and Thirteenth Amendments are insufficient to invoke federal question

12  jurisdiction.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or

13  absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

14  provides that federal jurisdiction exists only when a federal question is presented on the face of

15  the plaintiff's properly pleaded complaint."); *Renfo v. Swift Transportation*, No. 1:17-cv-1349-

16  LJO-BAM, 2018 WL 2734916, *2 (E.D. Cal. June 7, 2018) (holding that the plaintiff's vague and

17  conclusory references to federal statutes, were insufficient to invoke federal question

18  jurisdiction); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he

19  mere reference of a federal statute in a pleading will not convert a state law claim into a federal

20  cause of action if the federal statute is not a necessary element of the state law claim and no

21  preemption exists.") (per curiam).[2]

22      Accordingly, it is hereby ORDERED that:

23      1. Plaintiff shall show cause within fourteen days from the date of this order why this

24  _____

25      [1] The Clerk of Court only issued a summons for defendant Mitchell, who was the sole
defendant named in the original complaint.  Given that the plaintiff has not established subject
26  matter jurisdiction, I decline to direct the Clerk of Court to issue summonses for the additional
defendants named in the first amended complaint.  Should plaintiff establish a basis for
27  jurisdiction, I will order that a summons issue for each defendant.
      [2] The amended complaint indicates that all parties are citizens of California.  ECF No. 6 at
28  2-3.  Thus, diversity jurisdiction also appears to be absent.

action should not be dismissed for lack of subject matter jurisdiction.

2. Plaintiff shall also show cause within fourteen days why her claims against defendant Mitchell should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

3. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:    November 7, 2024    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4