UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLY A. PEACEMAKER,<br><br>Plaintiff,<br><br>v.<br><br>MONICA MITCHELL, *et al.*,<br><br>Defendants. | Case No.  2:21-cv-1715-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      I previously granted plaintiff's application to proceed *in forma pauperis* and screened her original complaint.  ECF No. 5.  I notified plaintiff that the complaint failed to establish a basis for the court's jurisdiction and granted her thirty days to file an amended complaint.  *Id.*  Plaintiff subsequently filed an amended complaint and paid the filing fee.  ECF No. 6.

      On November 7, 2024, I ordered plaintiff to show cause why this action should not be dismissed sua sponte for lack of subject matter jurisdiction.  ECF No. 22; *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  As observed in that order, plaintiff's amended complaint makes only vague references to the Sixth and Thirteenth Amendments to the U.S. Constitution, which is insufficient to invoke federal question

1

1    jurisdiction.[1]  ECF No. 22 at 3; *see* ECF No. 6 at 4; *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

2    392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-

3    pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

4    question is presented on the face of the plaintiff's properly pleaded complaint."); *Easton v.*

5    *Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that "the mere reference

6    of a federal statute in a pleading will not convert a state law claim into a federal cause of action if

7    the federal statute" is insufficient to confer federal question jurisdiction") (per curiam).

8        Plaintiff has filed a response to the November 7, 2024 order to show cause; this response

9    fails to establish a basis for subject matter jurisdiction.  As with the amended complaint,

10    plaintiff's response vaguely references the Declaration of Independence, the U.S. Constitution,

11    and various section of the U.S. Code.  As plaintiff was previously notified, mere reference to the

12    Constitution or to federal statutes is insufficient to establish federal question jurisdiction.  *See*

13    *Easton*, 114 F.3d at 982.  I find that plaintiff has not sufficiently demonstrated that subject matter

14    jurisdiction exists over this action.  I therefore recommend that plaintiff's first amended

15    complaint be dismissed without prejudice for lack of jurisdiction.  *See Tijerino v. Stetson Desert*

16    *Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) (observing that "in general, dismissal for lack

17    of subject matter jurisdiction should be without prejudice").  Given the jurisdictional defect and

18    plaintiff's repeated failure to establish subject matter jurisdiction, I recommend that dismissal be

19    without leave to amend.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988 (9th Cir.

20    2009) (holding that a district court may deny leave to amend due to "repeated failure to cure

21    deficiencies").

22        Accordingly, it is hereby RECOMMENDED that:

23        1.  This action be dismissed without prejudice for lack of subject matter jurisdiction.

24        2.  The Clerk of Court be directed to close the case.

25        These findings and recommendations are submitted to the United States District Judge

26

---

[1] The amended complaint indicates that all parties are citizens of California.  ECF No. 6 at 2-3.  Diversity jurisdiction thus appears to be absent.  *See* 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE